*To Clerk- Docket & File - to replace Original (which > for wrong case). AP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Alexis Soto, | |
|---|---|
| Plaintiff, | ECF CASE |
| -against- | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Felix Ortiz, | 14 Civ. 5404 (JPO) |
| Defendant | |

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for Defendant's commissions of acts under color of law in violation of Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2. This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6.  Plaintiff Alexis Soto ("Plaintiff" or "Mr. Soto") is a resident of New York City.

7.  Defendant Felix Ortiz ("Defendant" or "Detective Ortiz") was at all relevant times herein employed by the New York City Police Department (the "NYPD") as a Detective and was acting in the capacity of agent, servant, and employee of the City of New York (the "City").

8.  Detective Ortiz's shield number was at all relevant times herein 6128.

9.  At all times relevant herein, Detective Ortiz was acting under color of state law in the course and scope of his duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. Detective Ortiz was acting for and on behalf of the City at all times relevant herein with the power and authority vested in him as an officer, agent and employee of the City and incidental to the lawful pursuit of his duties as an officer, employee and agent of the City.

10. Detective Ortiz is sued in his individual capacity.

## STATEMENT OF FACTS

11. At approximately 2:45 PM on July 20, 2011, Mr. Soto was lawfully walking in the vicinity of the James Weldon Johnson Houses in the East Harlem neighborhood of Manhattan when he was arrested without probable cause or justification by members of the NYPD.

12. Detective Ortiz was the arresting officer of Mr. Soto.

13. Detective Ortiz was part of a field team assigned to the NYPD's Narcotic Borough Manhattan North.

14. Detective Ortiz physically participated in the arrest of Mr. Soto and/or provided information to other members of his team that led directly to the arrest of Mr. Soto.

15. Following his arrest, Mr. Soto was placed in a police prisoner van and driven around, handcuffed the entire time, while the team made more arrests.

16. Mr. Soto was eventually brought to the NYPD's 23rd Precinct where his arrest was processed by Detective Ortiz.

17. At the precinct, Mr. Soto was subjected to a degrading and humiliating body cavity strip search by members of the NYPD.

18. Detective Ortiz personally participated in this search and/or provided information to his fellow officers that led directly thereto.

19. This search was conducted in the absence of any individualized reasonable suspicion that Mr. Soto was concealing weapons or contraband.

20. From the precinct, Mr. Soto was brought by the police to Central Booking.

21. Two days after his arrest, on July 22, 2011, Mr. Soto was brought before a judge of the Criminal Court and arraigned on a felony complaint (the "Felony Complaint") which charged him with one count of Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law § 220.39(1)), a class "B" felony.

22. The Felony Complaint was sworn out by Detective Ortiz.

23. In the Felony Complaint Detective Ortiz alleged that he observed Mr. Soto sell

heroin to a separately charged individual.

24. This allegation was false.

25. That notwithstanding, Detective Ortiz forwarded this information, as well other documents and reports concerning the arrest and also containing false allegations of Mr. Soto's participation in a narcotics sale to a prosecutor or prosecutors at the New York County District Attorney's office, including Assistant District Attorney Erica O'Brien.

26. Mr. Soto did not possess or sell heroin, or engage in any other criminal conduct on July 20, 2011.

27. Bail was set at Mr. Soto's Criminal Court arraignment and the matter was adjourned to July 26, 2011 for grand jury action.

28. Mr. Soto was not able to make bail and he remained incarcerated until July 26, 2011, when, as there was no grand jury action, he was released pursuant to statute.

29. On February 9, 2012, after three more court dates, the case against Mr. Soto was dismissed on the motion of the District Attorney.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983

30. All other paragraphs herein are incorporated by reference as though fully set forth.

31. By intentionally confining, arresting, imprisoning and detaining plaintiff without probable cause, privilege or consent, Defendant engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United

States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false arrest and imprisonment.

## SECOND CAUSE OF ACTION
### Unlawful Search under 42 U.S.C. § 1983

32. All other paragraphs herein are incorporated by reference as though fully set forth.

33. By strip searching and performing a visual body cavity search of Plaintiff and/or causing the same to occur in the absence of any individualized reasonable suspicion that Plaintiff was concealing weapons or contraband, Defendant engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches.

## THIRD CAUSE OF ACTION
### Malicious Prosecution under 42 U.S.C. § 1983

34. All other paragraphs herein are incorporated by reference as though fully set forth.

35. In initiating the criminal proceedings against Plaintiff with malice and without probable cause to believe the proceeding, which were terminated in Plaintiff's favor, could succeed, Defendant engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

## FOURTH CAUSE OF ACTION
### Denial of Right to a Fair Trial under 42 U.S.C. § 1983

36. All other paragraphs herein are incorporated by reference as though fully set

forth.

37. By providing false information and/or evidence to the New York County District Attorney's office that was likely to influence a jury's decision, Defendant engaged under color of law in the violation of Plaintiff's right to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to Plaintiff against Defendant;

3. Award Plaintiff reasonable costs, disbursements and attorneys fees; and

4. Grant any other relief the Court deems appropriate.

Dated: New York, New York
July 16, 2014

Respectfully submitted,

Darius Wadia, L.L.C.

/s/

By: Darius Wadia (Bar number DW8679)
Attorney for Plaintiff
186 Joralemon Street, 12th Floor
Brooklyn, New York 11201
dwadia@wadialaw.com
(212) 233-1212