UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    ALEXIS SOTO,

                                  Plaintiff,          14-CV-5404 (JPO)
                      -v-

                                                   OPINION AND ORDER
    FELIX ORTIZ,

                                Defendant.
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      This is a suit for damages under 42 U.S.C. § 1983 by Plaintiff Alexis Soto against Defendant Felix Ortiz. Soto asserts claims against Ortiz, who was at all relevant times a detective with the New York City Police Department, for false arrest, unlawful search, malicious prosecution, and denial of the right to a fair trial. Now before the Court is Ortiz's motion to modify an order denying a request to extend discovery. For the reasons that follow, Ortiz's motion is denied.

**I.      Background**

      Soto filed the Complaint on July 17, 2014. (Dkt. No. 1.) Ortiz agreed to waive summons of service and interposed an answer on October 29, 2014. (Dkt. No. 4.) On October 30, the Court referred the case to Magistrate Judge Peck for general pretrial supervision. (Dkt. No. 5.) The next day, Judge Peck issued a scheduling order that set February 6, 2015 as the date for the close of discovery, and February 27, 2015 as the deadline for any motions for summary judgment or the joint proposed pretrial order, in the event that no motions were filed. (Dkt. No. 6, ¶¶ 2–4.)

      At a status conference on December 9, 2014, the parties informed Judge Peck that settlement discussions were ongoing. (Dkt. No. 12, Defendant's Memorandum of Law ("Def.

Memo"), at 3.) Soto's counsel also sought an extension of discovery during the conference because he expected to be absent for most of January 2015 for "personal reasons." (*Id.* at 3–4.) Judge Peck granted a one-week extension of the discovery deadline until February 13, 2015, but declined to extend the deadline for summary judgment motions. (*Id.* at 4.)

On February 13, 2015, the last day of the discovery period, Ortiz filed a letter motion, on consent of Soto's counsel, seeking a 30-day extension of discovery. (Dkt. No. 7.) Ortiz's counsel stated that the parties were close to reaching a settlement, but that Soto's counsel had been unable to contact his client to relay Ortiz's most recent settlement offer. (*Id.*) In the event that Soto rejected Ortiz's offer, counsel explained, an extension of time was needed to complete fact discovery. (*Id.*) Judge Peck denied the motion on the ground that "[a] request made on the day of the deadline is totally inappropriate and untimely." (Dkt. No. 8.) He reiterated that February 27, 2015 remained the deadline for motions for summary judgment or the pretrial order unless the parties reached a settlement before then. (*Id.*)

On February 17, 2015, Ortiz filed a letter informing Judge Peck of his intention to move for summary judgment and also to file an objection to Judge Peck's denial of the request to extend discovery. (Dkt. No. 9.) Judge Peck endorsed the letter, but noted that the "[f]iling of objections to my discovery ruling does not extend the deadline for any summary judgment motion." (Dkt. No. 10.)

As promised, Ortiz filed an objection to Judge Peck's discovery ruling on February 20. (Dkt. No. 11.) Ortiz's counsel argues that the parties held discovery in abeyance during settlement discussions, and that the discovery extension is necessary because counsel was only belatedly notified that Soto "could not be located or contacted for settlement authority." (Def. Memo at 6.) Ortiz contends that the ruling would cause "severe prejudice" to both parties. (*Id.*) Soto has filed no objection to Judge Peck's ruling.

## II.     Discussion

When a party files timely objections to a magistrate judge's order on a non-dispositive pretrial matter, the district judge must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (internal quotation marks omitted). A ruling is "contrary to law" only if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (brackets and internal quotation marks omitted). This is a "highly deferential standard of review" that affords magistrate judges "broad discretion in resolving non-dispositive disputes." *AMBAC Fin. Servs., LLC v. Bay Area Toll Auth.*, No. 09-CV-7062 (RJH), 2010 WL 4892678, at *2 (S.D.N.Y. Nov. 30, 2010) (brackets omitted). A party challenging a magistrate judge's decision on such a dispute therefore "carries a heavy burden." *Samad Bros. v. Bokara Rug Co.*, No. 09-CV-5843 (JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal quotation marks omitted).

On the record before it, the Court concludes that Ortiz has not carried that burden here. Ortiz's brief correctly recites the deferential standard of review, but fails to apply that standard to Judge Peck's discovery ruling. Judge Peck set firm dates for the close of discovery and for motions for summary judgment (or, in the alternative, the pretrial order) several months ago. In December, Judge Peck extended the discovery period upon a request by Soto's counsel, even though he was not required to. And though the Court is cognizant that the current predicament arose because Soto's counsel could not locate or contact his client, the parties acted unreasonably in waiting until the very last day of discovery to seek an extension from Judge Peck. Moreover,

parties in a litigation are not justified in holding discovery "in abeyance" while settlement discussions are ongoing unless they have obtained a timely extension of the applicable discovery deadlines from the court.

Under the circumstances, Judge Peck was well within his discretion in denying the extension request as "inappropriate and untimely," and Ortiz's argument to the contrary is without merit.

### III.   Conclusion

For the foregoing reasons, Ortiz's motion to modify Judge Peck's February 13 order is DENIED.  The parties are directed to file any motions for summary judgment—or, if neither party intends to file a motion, a joint proposed pretrial order—by February 27, 2015.

The Clerk of Court is directed to close the motion at docket number 11.


SO ORDERED.


Dated: February 25, 2015
       New York, New York

                                                                              _____
                                                                                J. PAUL OETKEN
                                                                         United States District Judge